## MARY E. TAPLEY vs. GEORGE W. TAPLEY et al.

A motion to dismiss an action based on the ground that the plaintiff is a married woman sueing alone, and so the Court has no jurisdiction of her person, should be denied. The objection goes to her capacity to sue, and must be taken by answer or demurrer.

Threats by a husband to separate from his wife, accompanied by general abusive treatment, will constitute duress so as to avoid a deed executed by her under a reasonable apprehension that they will be carried into effect.

This action was brought in the Dakota County District Court, by the plaintiff against the defendants, George W. Tapley, Martin O. Walker, Samuel S. Carll and Robert Buck. The material allegations of the complaint are substantially as follows: On or about the 25th November, 1858, the plaintiff (then Mary E. Barker,) intermarried with defendant, George W. Tapley. On the

Tapley v. Tapley et al.

13th April, 1859, the father of plaintiff conveyed to her 80 acres in Dakota County (described in the complaint,) for her exclusive use and benefit. On the 1st September, 1860, plaintiff and her husband executed a conveyance of the premises to the defendant Buck, but such conveyance was not recorded, and was afterwards returned to said defendant Tapley. On the 15th November, 1861, plaintiff and her husband executed a conveyance of the lands to the defendant Carll, which was recorded. The conveyances to Buck and Carll are alleged to have been made without any consideration, and were executed by the plaintiff in consequence of the threats of her husband that he would separate from and not support her, ill-treatment, abuse, and in some instances actual personal violence of her husband, used and employed to induce the plaintiff to execute the same, so that he might obtain the title to or the price and value of said land for his own benefit. After the conveyance to Carll, defendant Tapley drove plaintiff from his house, and has since refused to receive her back, or to live with her, or in any manner to contribute to her support. That the land is improved and was at the time of the conveyance of the same to the plaintiff by her father, and still is of the value of $1,000. On the 23d January, 1863, at the instance of defendant Tapley, said Carll and his wife, without any consideration, conveyed the land to the defendant Walker for the benefit of defendant Tapley, and that said Walker had notice and knowledge of the prior deeds to Buck and Carll, and the purpose for which the same were obtained, and of the means used and employed by defendant Tapley to induce the plaintiff to execute the same, and of all the circumstances attending their execution.  *  *  *

Plaintiff prays judgment, declaring the deeds to Buck, Carll and Walker fraudulent and void, and that said defendants, their agents, &c., may be enjoined and restrained from selling or in any way incumbering said land, &c. The defendant Walker answered, denying the whole complaint, except the fact of the conveyance to the plaintiff by her father, and the deed from plaintiff and her husband to Carll, and the deed from Carll and wife to him. The answer states that defendant Walker for about five years up

to about the middle of January, 1863, was engaged in business in Hastings, Dakota County, and that during all that time defendant Tapley was his agent in conducting such business, receiving and disbursing all moneys arising therefrom. That when the land was conveyed to plaintiff by her father, the same was wholly unimproved and worth no more than $200; that Tapley after such conveyance expended about $1,500 in making improvements thereon, and that the money belonged to this defendant, and was expended without his knowledge or consent. In January, 1863, this defendant had a settlement with said Tapley concerning his agency, and upon an accounting, Tapley was found to be indebted to this defendant in the sum of $1,440, in payment of which sum Tapley procured the conveyance of the land in question (with other lands,) from said Carll and wife to this defendant.    *    *

The reply denied the whole answer, except the allegation of the agency of defendant Tapley. The cause was brought to trial in June, 1864. On the trial the plaintiff testified as follows: "I am the plaintiff in this action; was married November 5th, 1858, to the defendant Tapley; have ever since been and now am his wife," &c.    *    *    *    The witness was asked the following questions:

First—"State whether or not you would have signed the Carll deed had it not been for the acts, threats and doings of your husband Tapley in relation to this land?"

Second—"State whether or not you did not sign the deed to Carll to prevent injury to your good name?"

Third—"State whether or not you ever freely or voluntarily signed the Carll deed?"

Fourth—"Did you sign the deed and acknowledge same without fear of any one or without restraint from any one?"

Fifth—"Should you have acknowledged the Carll deed except for the threats of your husband?"

Sixth—"State whether or not you voluntarily delivered the deed to Carll?"

The questions were all objected to as being incompetent, irrelevant, &c., and the second and fifth questions were also objected

Tapley v. Tapley et al.

to as leading.   The objections were overruled and the answers admitted under exceptions taken in due time.

The direct examination of the witness here closed, and the counsel for defendant moved to dismiss the action on the ground that the testimony shows that the plaintiff is the wife of defendant George Tapley; that there being other defendants joined with him in the action, plaintiff had no right to commence the same except by her next friend, and the Court could acquire no jurisdiction of the person of plaintiff; that the question of jurisdiction can be raised at any time during the trial, and that it did not appear affirmatively to the Court that the plaintiff had no legal right to commence the action, until the fact was disclosed by her testimony.   The motion was denied and defendant excepted.

The defendant, George. W. Tapley, was called on the part of the plaintiff and testified:  "I know of the deed from myself and wife to Carll."   The witness was asked the following question:  "Was there any consideration for the deed to Carll?"   Objected to by defendant that the same is irrelevant and incompetent. The objection was overruled and defendant excepted and the question was answered.   Certain letters were handed to witness, and he testified that they were in the hand writing of defendant Walker.   The plaintiff's counsel offered to read the letters in evidence, to which the defendant objected on the grounds:  First— That the plaintiff had laid no foundation for their admission by showing that the letters had any allusion to the subject matter of the action.   Second—That the letters themselves show that they relate only to a difficulty between Tapley or Johnson with Rathbone in relation to the occupancy of the land, and not to the subject matter of the action, and are irrelevant and incompetent.   The objections were overruled and defendant excepted.

Question by plaintiff's counsel:   "State what is the subject referred to in the letters?"   Objected to as incompetent and objection overruled and defendant excepted.   The witness answered:  "They relate to the subject of the land in question and to Rathbone's buying it, and to this suit."   The letters were read in evidence under objection by defendant.

After the testimony was closed the Court instructed the jury: "That to constitute duress which would avoid the deed, it is not necessary that the threats be of physical injury alone, but if the plaintiff, the wife of Tapley, was induced to execute the deed by the threats of Tapley her husband, that he would separate from her as her husband and not support her, it is duress, and would avoid the deed. The threats must be such as she might reasonably apprehend would be carried into execution, and the act must have been induced by the threats. It is not necessary that the threats be made at the time, or immediately before signing, if it was within such time, and the circumstances satisfy you that the threats or their influence properly continued and influenced the plaintiff," and such instruction was excepted to by defendant. The jury found a verdict in favor of the plaintiff upon all the issues. A motion for a new trial was made on the grounds: First—Errors in law occurring at the trial, and excepted to by the defendant Walker at the time. Second—Insufficiency of the evidence to justify said verdict, and that the same is against law. The motion was denied, and the defendant appeals to this Court.

S. Smith for Appellant.

I.—The Court erred in denying the motion of the defendants to dismiss the action, on the ground that the plaintiff had no "status in court in her own name."

The objection is one going to the jurisdiction of the court and can be taken advantage of at any stage of the proceedings. A married woman cannot come into court except in the manner prescribed by statute. Our statute has prescribed the manner and our courts have given a construction to the same. *See Comp. Stat., p.* 535, *Sec.* 30 *of Chap.* 60; *Wolf vs. Banning et al.*, 3 *Minn., R.*, 202; *Irvine vs. Irvine*, 5 *Id., p.* 61, 65; 24 *How. P. R.*, 202.

II.—The Court erred in admitting all that portion of the plaintiff's testimony objected to by the defendant.

The object of the testimony was two-fold: 1st—To show that

the deed was not properly executed: 2d—To show that it was obtained by duress.

· It is incompetent for the plaintiff to impeach the execution of the deed, as her cause of action is based upon the proper execution of the deed as a conveyance.

It is incompetent for a witness to swear to his conclusions or intentions; the intent must be arrived at by the jury from evidence showing the acts of the parties and the facts and circumstances connected with the case. *See Greenl. Ev., Sec.* 434; *Morehouse vs. Mathew,* 2 *Com. R.,* 514; *Rich vs. Jackaway,* 18 *Barb.,* 35,7; *Jefferson Ins. Co. vs. Cotheral,* 7 *Wend.,* 72, 78. As to leading questions, *see* 1 *Greenl. Ev., Sec.* 434; 2 *Phil. E. P.,* 401, 402, 403; *People vs. Mathew,* 4 *Wend.,* 229, 247, 248.

III.—The objections to the introduction of the letters of Walker to Tapley, and the testimony of G. W. Tapley as to the subject matter of said letters, were well taken. They were written after the commencement of the action, and in reference to a matter which had nothing to do with this case. The question whether Walker had notice or not, was immaterial, as it was admitted by the pleadings that there was no new consideration for the deed from Carll to Walker, but that it was given for the payment of an old debt. The natural tendency of the testimony was to prejudice the jury against the defendant, and being improperly admitted, is a good cause for granting a new trial.  ·

IV.—The verdict was against law and evidence, and a new trial for that cause should be granted.

The prayer of the complaint is that the deeds be set aside and declared void .on the ground that they were obtained by fraud and duress, and those were the only two material issues tried and submitted by the plaintiff to the jury.

There is no evidence in the case showing that the plaintiff at the time she executed the deed to Carll, was under such compulsion of her husband as would amount to duress—such as would avoid a deed. All the testimony on this point is from the plaintiff, and defendant Tapley.

Threats of battery or fear of the same does not amount to du-

vol. x.—58

Tapley v. Tapley et al.

ress, although ever so well founded. *See Willard's Eq.*, *p.* 208; 1 *Par. Con., p.* 319; *Willard's Eq.*, 208.

There is no evidence in the case to show that there was any fraud practiced on the part of the defendant Tapley, towards his wife, upon which she relied, and which induced her to execute the Carll deed.

Fraud is a false representation within the knowledge of the party making it, reasonably relied upon by the other party, and constituting a material inducement to his act or contract. If it is not a material inducement to the act, courts of equity will not relieve. *See Willard's Eq.*, 148, 149.

V.—The Court erred in instructing the jury "that to constitute duress which would avoid the deed, it is not necessary that the threats be of physical injury alone, but threats of a separation from her, and that he would not support her, would amount to duress which would avoid the deed." 1 *Par. Con.*, 319.

M. LAMPREY for Respondent.

I.—The evidence objected to by the defendant's counsel relates to the circumstances under which the deed therein mentioned was obtained from the plaintiff by the defendant, and, we think, it was clearly competent. 2 *Phil. Ev., Cow. & Hill's notes*, 686, 687, 690, *and notes*.

II.—When an action is brought by a married woman concerning her separate property she may sue alone, and when the action is between herself and her husband she may sue and be sued alone. *Comp. Stat., page* 535, *Sec.* 30.

The second ground of demurrer prescribed by the statute is "That the plaintiff has no legal capacity to sue." *Comp. Stat., page* 540, *Sec.* 61. Section 64 of the same page provides that "When any of the matters enumerated in section 61, do not appear on the face of the complaint, the objection may be taken by answer. And section 65 provides that if no objection be taken either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the juris-

diction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

The objection of "no legal capacity to sue," therefore, cannot be taken advantage of on motion, but was wholly waived in this cause.

It is observed that the statute of New York respecting suits by married women differs from ours. 2 *Kernan*, 580; 3 *Kernan*, 322, *and cases cited;* 14 *How. Pr. R.*, 456; 3 *Abbott's Pr. R.*, 119; 6 *Barb.*, 541; 11 *How. P. R.*, 216; 12 *Id.*, 547; 12 *Barb.*, 9; 2 *Duer*, 160; 8 *How.*, 250.

III.—The title of the cause is no part of the complaint proper. It is not an allegation to be put in issue any more than the name of a party, or of the county where the action is brought.

IV.—The evidence to show a want of consideration in the deed to Carll, and the letters from Walker to Tapley, were properly admitted as bearing upon the questions of fraud and duress. 1 *Greenl. Ev.*, 284.

V.—The jury found that the deed to Carll was obtained by fraud, and that the defendant Walker had notice of it. This alone would avoid it.

VI.—To constitute duress *per minas*, it is not essential that the party be threatened with loss of life or limb, or with mayhem; fear of imprisonment is enough.

Threats by the husband that he would leave his young wife, and would not support her, but would abandon her to poverty and want, without a home or shelter, constituted duress the most summary and effective. In the application of an analogous principle, courts of equity watch with extreme jealousy, all contracts made with persons, who are in a condition to exercise a controlling influence over the will or conduct of others. 5 *Hill*, 158; 1 *Pars. Con.*, 321; *Willard's Equity*, 208; 6 *Mass.*, 506; 2 *Wend.*, 243; 15 *Johns.*, 256; 1 *Story's Equity*, 239; 26 *N. Y.*, 9; 3 *Cowen*, 537; 2 *Selden*, 272; 11 *Paige*, 538; 5 *Denio*, 640; 11 *Paige*, 467.

VII.—The verdict in this case is supported by evidence plenary and conclusive, and the motion for a new trial was properly de-

nied.   7 *Minn*, 414; *Id.*, 511;  8 *Minn.*, 70;  *Id.*, 218;  5 *Minn.*, 339;  4 *Minn.*, 148.

*By the Court*—BERRY, J.—It appearing from the testimony of the respondent, who was plaintiff below, that she was a married woman and wife of one of the defendants, the counsel for the appellant moved to dismiss the action on the ground that the Court had no jurisdiction of the person of the plaintiff, insisting that the objection could be taken by motion at any stage of the trial.

This objection went to the legal capacity of the plaintiff to sue, and not having been taken by *answer* or *demurrer*, was waived. *Pub. Stat.*, 540, *Sec.* 69.   The motion was therefore properly overruled.   Several interrogations propounded to the plaintiff upon the witness stand were objected to as leading.   Even if the interrogatories were leading in form, there is no inflexible rule by which they can be excluded.

The judge who presides at the trial has far better opportunities of determining whether a question is objectionable as improperly suggesting an answer to the witness which will be but an echo of the question, than this Court possessess, and unless it is quite apparent (as it is not in this case), that some gross injustice resulted from the mode of examination allowed, we are not inclined to criticise or review it.   1 *Greenl. Ev.*, *Sec.* 435.   Several inquiries were addressed to the respondent by her counsel which were objected to as incompetent or irrelevant or both.   They were all directed to the circumstances under which the deed from the respondent to Carll was executed or delivered, and as we think all had a tendency to show that the execution and delivery were not the free and voluntary acts of the respondent.

Ordinarily the proper course would be to ask the witness to state the circumstances attending the giving of a deed, but for reasons which appear to have controlled the discretion of the Court, counsel were allowed to call the attention of the witness to particular matters which went to give character to the transaction and by interrogatories which were leading in form.

Tapley v. Tapley et al.

We can conceive of no reason why they were not competent. Certainly it would have been proper to ask the witness in a general way, "What induced you to execute the instrument?" and we apprehend that the interrogatories put to this witness were to the same effect.

It is to be remembered that in this action the respondent appeals to the equitable powers of the Court, and it is not a case in which the defendant Walker comes into Court with clean hands, setting up the innocency and *bona fides* of his purchase; but a case in which he has not only taken a conveyance in payment of a precedent debt, but in which as the evidence tends to show and the jury find, he had full knowledge at the time he took his title of the circumstances under which his grantor acquired title, and by those circumstances he is affected to the same extent as if he stood in Tapley's shoes, and had been an active party in fact to the original transaction. If it should be held that by the *fact* of an acknowledgment before a proper officer, a married woman may be *estopped* from denying the voluntary execution of her deed to the prejudice of an innocent party, the doctrine could have no application here. Another question was raised upon the trial below as to the admissibility of certain letters written by the defendant Walker to his co-defendant George W. Tapley. Whether the inquiries made of the witness as to what those letters related to, and to what letters they were in reply were proper or not, is immaterial. The letters themselves taken together and in connection with the facts which had already appeared from the pleadings and evidence, sufficiently showed that they related to the land in question and the transactions involved in this suit. We think they were rightly received. In order to affect Walker with the equities of the respondent against Carll and her husband, she had a right to rely upon the fact that Walker took the land in payment for a precedent debt, or to show that he took it with a full knowledge of all the circumstances or both, and if the fact that the answer admitted that the land was taken for a precedent debt, might dispense with the necessity of going farther and proving knowledge, we are unable to see how injustice was done by al-

lowing such knowledge to be proved, and that too by written admissions of the defendant Walker. We think the letters had a tendency to establish this knowledge, to show bad faith on the part of Walker, and to render the whole business from the beginning more than suspicious.

There were other objections made to the admission of testimony which it is not necessary to notice further than to say that they are not well taken, as they seem to be waived by the omission to rely upon them in the points or arguments of the appellant's counsel.

The Court instructed the jury among other things : "That to constitute duress which would avoid the deed, it is not necessary that the threats be of physical injury alone, but if the plaintiff, the wife of Tapley, was induced to execute the deed by the threats of Tapley her husband, that he would separate from her as her husband and not support her, it is duress, and would avoid the deed. The threats must be such as she might reasonably apprehend would be carried into execution, and the act must have been induced by the threats. It is not necessary that the threats be made at the time, or immediately before signing, if it was within such time, and the circumstances satisfy you that the threats or its influence properly continued and influenced the plaintiff."

. To this instruction exception was taken, but not well taken. Greenleaf in the 2d volume of his work on Evidence, section 301, says that "By duress in its more extended sense is meant that degree of severity either threatened and impending or actually inflicted, which is sufficient to overcome the mind and will of a person of ordinary firmness." And again, that duress *per minas* is restricted by the common law to fear of "remediless harm to the person." There is no doubt that the common law sense of the word "duress," has been somewhat enlarged in the progress of civilization. *See Toshay vs. Ferguson,* 5 *Denio,* 157. In that case Mr. Justice Bronson holding that the fear of threatened illegal imprisonment will constitute duress *per minas,* adds : "I entertain no doubt that a contract procured by threats and the fear of

Tapley v. Tapley et al.

battery or the destruction of property, may be avoided on the ground of duress." And he gives the reason: "There is nothing but the form of a contract in such a case without the substance. It wants the voluntary assent of the party to be bound by it."

And Greenleaf in the same section from which we have already quoted, after saying that "a fear of mere battery or of destruction of property is not technically duress," adds: "but facts of this kind it is conceived are admissible in evidence to make out a defence of *fraud* and *extortion* in obtaining the instrument." It seems that the rule has been some times laid down that when the threat is of an injury for which full compensation can be obtained at law it would not amount to duress, as for instance a threat of injury to property or of a slight injury to person.

But in 1 *Par. on Con. 5th Ed.*, 395, it is said "these distinctions would not now probably have a controlling power in this country, but where the threat, whether of mischief to the person or property, or to the good name, was of sufficient importance to destroy the threatened party's freedom, the law would not enforce any contract which he might be induced by such means to make."

The books abound with cases in which conveyances and other instruments have been set aside because procured by the exercise of undue influence upon the party executing them, without the infliction or threat of any physical injury or mischief. 1 *Eq. Lea. Ca.*, 94 *et seq.* And in the general sense of the term undue influence would seem to be a species of duress, or if this be not quite accurate, the two would at last seem to run together so that the precise line where one begins and the other stops is not easily definable. But it is to be remarked that in all these cases where contracts are overthrown because entered into under duress by actual injury or threatened injury, or under undue influence, the principle upon which the courts rest is that such contracts lack that voluntary assent which is of the essence of all contracts, and without which, as Story says, the party "has no free will but stands *in vinculis*." 1 *St. Eq. Jur.*, Sec. 239. Whether there was evidence from which the jury in this case were warranted on finding a technical fraud, it is unnecessary to determine. In one

sense duress is fraudulent; that is to say, the obtaining of a contract under duress is not a fair and honest transaction. But the jury found that the deed to Carll was obtained by both fraud and duress, and as either would furnish sufficient cause for setting aside the conveyance, if either was warranted by the facts developed on the trial, it is unimportant whether the other finding was warranted or not. We think the facts bring the case within the principle and meaning of the law of duress. Not to recapitulate the testimony in detail, there was in this case evidence that the land in question was the separate property of the respondent, given to her by her father; that after much importunity, abusive treatment, and threats of various kinds, she was induced to make a conveyance of it. That among other things he threatened to abandon her, which she thought "would be a family scandal." That it was only on account of his threats and abusive treatment and to keep peace, that she executed the conveyance. Here was clearly a threatened injury to her good name, which is duress within the rule laid down by Parsons. And looking at the reason of things, if, as is well settled, (see case cited from 5th Denio), a threat of injury to goods and other property, a threat of a battery or of illegal imprisonment, are held sufficient to constitute duress and to avoid a contract, on the ground that they take away freedom of action, and are calculated to overcome the mind of a person of ordinary firmness, when believed in, it would seem too clear for argument that equal effect ought to be given to a threat by a husband to abandon his wife and turn her out upon the world to shift for herself in the anomalous condition of a wife without a husband. If the degree of injury apprehended, and its almost remediless nature, are to be taken into account, (and not to do so would be irrational,) then certainly in these respects the abandonment of a wife by her husband is far in excess of a battery to the person, or a trespass upon the goods, and stands upon stronger ground. We think the instruction was rightly given, and that there was evidence in the case sufficient to warrant the jury in finding for the plaintiff.

The order denying the motion to set aside the verdict and for a new trial is affirmed.