W. J. LEDYARD v. JOHN H. BROWN ET AL.

A final judgment only is sufficient to support an action. An interlocutory judgment will not do so.

ERROR from Fayette.    Tried below before the Hon. T. C. Barden.

This case was formerly before the Supreme Court, and reported in the 28th Volume of Texas Reports, page 393, to which reference is made for a statement of the case. The plaintiffs below again obtained judgment, and defendant, Ledyard, alone prosecutes writ of error to this court.    The questions presented by the record were decided when the case was before the court on appeal.

*William G. Webb*, for plaintiff in error.

*Moore & Ledbetter*, for defendant in error.

WALKER, J.—This case certainly ought not to be before the court at this time.    Every question presented by this record was decided in the same case, and is reported in 28 Texas, 393.

The opinion of the court, delivered by Mr. Justice Moore, is very able, and decides every point in the case. For abundant reasons it gave the Cottle grant priority over the Richards grant, establishing the rights of those claiming under the former as against those claiming under the latter.

The fact that the Cottle grant was made to one of De-

Witt's colonists, partly within the limits of Austin & Williams' colony, is fully explained, and the grant is sustained upon principles of equity. This question being settled, the rights of the contending parties were easily ascertained, and it is not contended that there was any mistake whatever, of law or facts, in the decision of the case.

The only new point which the counsel contend is presented on this record is the setting aside of judgment by default against De Witt, and permitting him to come in and answer, setting up his title.

The answer to this argument may be given in the precise words of Judge Moore :

" We cannot agree with counsel that Ledyard's interlocutory judgment against DeWitt in his former suit, which was still pending, entitled him to a judgment in this case.

" It is still within the control of the court, and may be set aside for good cause, and the party permitted to answer.

"There can be but one final judgment in a cause ; and until this is rendered, a party against whom the default judgment is rendered is not finally concluded, even if the plaintiff in that case could have a final judgment against him, without the verdict of a jury.

"A final judgment only is evidence to support an action ; an interlocutory judgment will not do so."

We have both the records before us. We have reexamined the case, but are not in the least inclined to unsettle the decision.

The judgment of the District Court is affirmed.

AFFIRMED.