MARY KOCOUREK v. MARAK ET AL.

(Case No. 1239.)

54 201
91 682

1. DEED — DURESS.— A willing mind on the part of the wife is requisite to the validity of a deed made by her. To avoid the deed of the wife on account of threats of the husband, it is not necessary that they should put the wife in fear of physical injury. If he threatens an abandonment of her if she refuses to sign a deed conveying the homestead, and she, having reasonable apprehension that he would carry out his threat, signs the deed, this will be sufficient to avoid it.

2. CASE APPROVED.— Tarpley v. Tarpley, 10 Minn., 458, approved.

3. FACT CASE.— See statement of case for facts sufficient to avoid a deed purporting to convey the homestead, signed by the wife.

APPEAL from Fayette.   Tried below before the Hon.
L. W. Moore.

Appellant, Mary Kocourek, filed her original petition on
the 9th day of April, 1880, in which she alleged the fol-
lowing facts, viz.:

That on the 15th day of February, 1880, appellant and
her husband, Joseph Kocourek, one of the appellees, were
seized and possessed of five tracts of land, containing in
the aggregate 221 acres, particularly described in her
petition; that appellant and her husband lived on the
land, and it was their homestead; that on the 16th of Feb-
ruary, 1880, appellant's husband, against her express pro-
tests, sold and conveyed to F. Marak, one of the appel-
lees, her said homestead, by executing to him a deed of
conveyance therefor, the consideration of which sale was
a deed of conveyance to appellant's husband from said F.
Marak and his wife, executed on the same day, and con-
veying to her husband 152 acres of land out of the Wm.
Brookfield league, in Fayette county, Texas, with im-
provements thereon, consisting of an old dwelling house,
one saw and grist mill and cotton gin, run by steam
power.

That appellant and her husband executed to F. Marak,
on the 16th day of February, 1880, one note for $670,
with ten per cent. interest from March 25, 1880, and due
on the 25th of September, 1880; that appellant's husband
transferred to Marak three notes, amounting to $1,200,
bearing ten per cent. interest from date, dated the 22d day
of September, 1879, executed by Jacob Gela to appellant's
husband as part consideration for land sold said Gela by
appellant's husband, and due respectively one, two and
three years after date; that all of those four notes were
given to Marak by appellant's husband as additional con-
sideration for the 152 acres of land.

That by threats of being abandoned by her husband,
which were made by him on several occasions prior to her

signing and acknowledging the deed of conveyance, appellant was induced to sign and acknowledge the deed before Stephen Kubala, notary public for Fayette county, Texas; that Marak was cognizant of the fact that appellant's husband had to use force and threats to induce her to sign and acknowledge the deed; that about five days prior to the sale of the homestead to Marak, he came to appellant's homestead to look at the same, and when her husband told her that he intended to sell it to Marak for his place, she, appellant, protested against the sale, urging as reasons, that they had a good home, which she was not willing to trade for another place that had nothing more on it than an old dwelling house and some machinery which had to be run by steam; that her husband knew nothing about working steam machinery; that she would not sign the deed; all of which protests were utterly disregarded by her husband, and in answer thereto he threatened to abandon her, should she refuse to sign the deed of conveyance when he requested her so to do.

That on the 16th day of February, 1880, appellant's husband got her to go with him to her brother's home, and when they arrived there Stephen Kubala, the notary, handed appellant an instrument of writing and asked her to sign and acknowledge the same; that when she found it to be a deed of conveyance, by which her husband intended to convey her homestead to Marak, she positively refused to sign and acknowledge it, which fact was reported to her husband and Marak by said Stephen Kubala; that appellant's husband then and there stated, in the presence and hearing of said F. Marak, he would leave and abandon appellant if she would not sign and acknowledge said deed; that on the way to the home of appellant and her husband, appellant was induced by her husband to stop at the house of the Maraks, her husband going into the house a little in advance of her. On nearing the house, appellant heard her husband say to Marak: "It is all

right now; my wife is here and will sign the deed; and if she should persist in refusing to sign it, I will leave her forever." That appellant knowing her husband to be a man who would carry out his threats, and choosing rather to lose her homestead than her husband, did then and there, by reason of the threats, sign and acknowledge the deed of conveyance before Stephen Kubala, who was then and there at the house of Marak and heard the threats; that appellant never gave her voluntary and free consent to said deed of conveyance, and that said deed and note from appellant and her husband to said F. Marak were taken away from her said husband by force by said Marak.

The petition contains other allegations not necessary to notice. A demurrer to the petition was sustained.

*Timmons & Brown* and *Phelps & Haidusek,* for appellant.

*H. Teichmuller,* for appellees.

I. The facts set out in appellant's petition in support of the allegation are not only insufficient, but negative the existence of duress. McGowen *v.* Bush, 17 Tex., 200; Shelby *v.* Burtis, 18 Tex., 651; Harmon *v.* Harmon (61 Me., 227), 14 Am. Rep., 527; Wright *v.* Remington (N. J., 12 Vroom, 48), 32 Am. Rep., 182.

II. The refusal by appellant, at one time, to join her husband in the sale of their homestead, did not subsequently debar her from conveying. The purchaser, having knowledge of the wife's reluctance to sell, however cautious he may desire to be, has no means of ascertaining her state of mind himself, but must look solely to the statutory method, devised as a means of protecting the free agency of married women.

III. The certificate of the notary public who receives the wife's acknowledgment is conclusive of the facts

therein stated, unless fraud or imposition is alleged. Hartley *v.* Frosh, 6 Tex., 216; Shelby *v.* Burtis, 18 Tex., 651; Williams *v.* Pouns, 48 Tex., 146; McKellar *v.* Peck, 3 Law Jour., p. 509, Cam. of Ap.; White *v.* Graves (107 Mass., 325), 9 Am. Rep., 39; Kerr *v.* Russell (69 Ill., 666), 18 Am. Rep., 635; Heeter *v.* Glasgow (79 Penn. St., 79), 21 Am. Rep., 46; Johnston *v.* Wallace (53 Miss., 331), 24 Am. Rep., 699; Singer Manuf'g Co. *v.* Rook (84 Penn. St., 442), 24 Am. Rep., 204; Moore *v.* Fuller (6 Oregon, 272), 25 Am. Rep., 525.

BONNER, ASSOCIATE JUSTICE.— This case was dismissed on demurrer to the petition, and raises the two questions, whether the allegation presented such legal duress on the part of the husband, as, on behalf of the wife, should avoid the deed to the homestead; and if so, was the purchaser charged with notice of it.

The general doctrine of this court upon these questions is, that the certificate of the officer to the separate acknowledgment of the wife to a deed of conveyance, is conclusive of the facts therein stated, except in cases of fraud, mistake or imposition; and that the rights of a third party will not be affected by such fraud, mistake or imposition, unless they participated therein or had notice thereof. Wiley *v.* Prince, 21 Tex., 640; Pool *v.* Chase, 46 Tex., 210; Williams *v.* Pouns, 48 Tex., 146.

The same strictness, as to what would constitute legal duress on the part of the husband, does not apply against the wife by reason of their peculiar relationship, as in ordinary cases. Wiley *v.* Prince, 21 Tex., 641.

In the above case of Wiley *v.* Prince, it was decided that threats by the husband to burn down the house and carry away the children, were sufficient to avoid the conveyance by the wife.

To the same effect is the case of Central Bank *v.* Copeland, 18 Md., 319.

In Tapley *v.* Tapley, 10 Minn., 458, it was decided that an instruction was properly given, to the effect that, to avoid the deed of the wife, the threats of the husband need not be those of physical injury only, but threats of separation were sufficient, if the wife reasonably apprehended that they would be carried into execution.

It was the evident intention of the legislature, as shown by the express language of the statute, that the conveyance of the wife to be binding must have been willingly executed. R. S., art. 4310.

Tested by the above cases, the allegations in the petition were sufficient, if sustained by competent testimony, to show such moral coercion over the wife and "imprisonment of her mind;" and such notice on the part of the purchaser, Marak, as should avoid her deed. Louden *v.* Blythe, 27 Penn. St., 25.

The demurrer was improperly sustained.

REVERSED AND REMANDED.

[Opinion delivered January 11, 1881.]