DOMINICK RUTTA ET AL. v. JACOB LAFFERA.

(No. 1399, Op. Book No. 2, p. 685.)

ERROR from Fayette County.    Opinion by WILLSON, J.

§ 822. *Citation; must state the court in which the suit is pending.* This suit was instituted in the county court of Fayette county. The citations served upon the defendants notified them to appear before the *district court* of that county. Judgment by default was rendered against defendants. *Held,* the citations were unquestionably defective. They summoned the defendants to appear before a different court from the one in which the suit was pending. One of the most material requisites of a citation is that it shall name the court before which the defendant is summoned to appear, and the time and place of holding such court, and the court so named must be the one in which the suit is pending. [R. S. 1215; Covington v. Burleson, 28 Tex. 368.]

§ 823. *Judgment; there can be but one final, in a case.* There were three defendants in the suit, each of whom was served with citation. Each failed to answer. Judgment by default was rendered against two of them, but the record did not show that any disposition had been made of the case as to the other defendant. *Held,* it is well settled that but one final judgment shall be given in a case. [R. S. 1283; Burton v. Varnell, 5 Tex. 139; Ledyard v. Brown, 39 Tex. 402; Long v. Garnett, 45 Tex. 400; Boles v. Linthicum, 48 Tex. 220.] Some disposition of the suit as to the other defendant should have been made simultaneously with the judgment against the plaintiffs in error.

February 3, 1883.              Reversed and remanded.