KEATOR v. WHITTAKER et al.

(Court of Civil Appeals of Texas. Amarillo. May 4, 1912.)

1. ABATEMENT AND REVIVAL (§ 81*)—PLEA IN ABATEMENT—FILING—TIME.

A plea in abatement, filed after an answer to the merits and at a subsequent term of court, should be overruled.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 175–177, 225, 499–504, 506; Dec. Dig. § 81.*]

2. ABATEMENT AND REVIVAL (§ 9*)—ANOTHER ACTION PENDING—IDENTITY OF PARTIES.

A plea of abatement on account of pendency of another action should be overruled, where the parties in the two suits are not the same.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 73–85; Dec. Dig. § 9.*]

Appeal from Donley County Court; J. H. O'Neal, Judge.

Action by F. Y. Keator against John A. Whittaker and another. From a judgment

dismissing the action, plaintiff appeals. Reversed and remanded.

See, also, 143 S. W. 607.

Madden, Trulove & Kimbrough, of Amarillo, and H. B. White, of Clarendon, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, and A. T. Cole, of Clarendon, for appellees.

HALL, J. The following is taken from the statement of appellant: "This suit was instituted by plaintiff, F. Y. Keator, in the county court of Donley county, Tex., on November 12, 1910, to recover from the defendant John A. Whittaker the balance due on a promissory note executed by the said defendant, amounting to $700, besides interest and attorney's fees. Plaintiff also sought to foreclose a mortgage lien upon 242 head of sheep, being the remainder of a herd 'of 1,050 head of sheep originally covered by the mortgage; the mortgage being given to secure the note in question. Plaintiff alleged that the other defendant, Tom Moran, was in possession of said sheep, claiming to be the owner thereof by virtue of a purchase from his codefendant, John A. Whittaker. Plaintiff also sued out a writ of sequestration, and caused the same to be levied upon the sheep in question. On May 19, 1911, the first amended original petition was filed. On February 22, 1911, both defendants answered by general and special exceptions, general denial, and pleas in reconvention. On May 11, 1911, the defendant John A. Whittaker filed his sworn plea in abatement, attacking the jurisdiction of the county court of Donley county, on the ground that the plaintiff had theretofore instituted a. suit in the district court of Potter county upon the same note and mortgage. It was alleged in said plea in abatement that the defendant Whittaker had answered in said suit, and giving the substance of said answer. It was further disclosed in the plea that the plaintiff, prior to the filing of said plea in abatement in Donley county, had nonsuited his cause of action filed in the district court of Potter county, Tex., and that the only issue then pending between the plaintiff and the defendant Whittaker in the Potter county suit was the issue made by defendant Whittaker on his cross-action. The court sustained the plea in abatement and dismissed said cause, holding that the district court of Potter county, Tex.. having first acquired jurisdiction, was entitled to retain same to the exclusion of the county court of Donley county, from which order of dismissal this appeal is prosecuted."

Appellant insists that the court erred in sustaining the plea in abatement, because (a) it was filed after answer to the merits, and was too late; (b) because it affirmatively appears that the suits were not between the same parties; and (c) because plaintiff's action in Potter county had been dismissed prior to the filing of the plea in abatement in Donley county.

[1, 2] A plea in abatement, filed after an answer to the merits and at a subsequent term of court, should be overruled. Hoffman v. Cleburne Building & Loan Ass'n, 85 Tex. 411, 22 S. W. 154; Graham v. McCarty, 69 Tex. 323, 7 S. W. 342; O'Neil v. Murray, 94 S. W. 1090. It appearing from the face of the plea that the parties in the two suits were not the same, was a further ground upon which the court should have overruled the plea. Pullman Company v. Hoyle et al., 52 Tex. Civ. App. 534, 115 S. W. 315.

Because of the error of the court in sustaining the plea in abatement and dismissing the cause, the judgment is reversed, and the cause remanded.