WILLIS et al. v. KEATOR. (No. 848.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1915. On Motion for Rehearing, Jan. 12, 1916.)

1. CLERKS OF COURTS ⬳70—ACCRUAL OF LIABILITY ON ORDER OF COURT.

In a suit to foreclose a chattel mortgage, in which the mortgagor and a purchaser of the mortgaged property were made defendants, a writ of sequestration was issued and the mortgaged property was sold and the proceeds thereof deposited with the clerk. Thereafter the defendant secured an order dismissing the suit, quashing the sequestration proceedings, and directing the clerk to pay the proceeds in the hands of the sheriff to the defendant purchaser. The order of dismissal was thereafter, on appeal of the plaintiff without supersedeas, reversed, but prior to such reversal the clerk paid over the proceeds in accordance with the order of the court. Thereafter the cause was again tried, and a judgment was rendered against the mort-

gagor alone, and the clerk was directed to pay the proceeds of such sale to the plaintiff. *Held,* that no action would lie on the latter judgment until the issue between the plaintiff and the other defendant as to the ownership of the property had been determined.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 109–118; Dec. Dig. ⬳70.]

2. JUDGMENT ⬳194 — FINALITY — "FINAL JUDGMENT."

A judgment which does not dispose of all the parties and issues is not final.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 354–356; Dec. Dig. ⬳194.

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

3. JUDGMENT ⬳903—ACCRUAL OF ACTION TO ENFORCE.

No action can be brought to enforce a judgment which is not final.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1722, 1723; Dec. Dig. ⬳903.]

4. CLERKS OF COURTS ⬳70 — CUSTODY OF FUNDS—DUTY TO PAY OVER.

Where after judgment decreeing certain moneys to one of the parties the other appealed and filed his cost bond, but filed no supersedeas bond, it was the duty of the clerk of court in whose hands the moneys were lodged to pay over to the successful party in the judgment such moneys as he had.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 109–118; Dec. Dig. ⬳70.]

5. CLERKS OF COURTS ⬳70 — CUSTODY OF FUNDS — JURISDICTION — EXCLUSIVENESS OF REMEDY.

Although under Rev. St. 1911, art. 1769, the county court has power to hear motions against officers of that court for failure to pay over moneys under its process, the remedy provided is cumulative and does not prohibit separate suit against such officer in any other court having jurisdiction.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 109–118; Dec. Dig. ⬳70.]

On Motion for Rehearing.

6. PLEADING ⬳35—SURPLUSAGE—EFFECT.

Where a petition to enforce a county court judgment contained further allegations of fraud and conspiracy, but no evidence was introduced to sustain such allegations nor any request made for such a finding, such allegations did not change the character of the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. ⬳35.]

7. CLERKS OF COURTS ⬳70 — CUSTODY OF FUNDS—PAYMENT—CONDITION OF CAUSE.

Though, in a suit to foreclose a chattel mortgage, in which a writ of sequestration was issued and the proceeds of a sale of the property were paid into the registry of the court, the lien of the chattel mortgagee attached to the proceeds of the sale, an appeal by plaintiff without supersedeas from an order dismissing the suit and directing the clerk to pay the proceeds to one of the defendants, who claimed the property as purchaser from the mortgagor, did not excuse the clerk from paying over the money as directed.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 109–118; Dec. Dig. ⬳70.]

Appeal from District Court, Donley County; Hugh L. Umphres, Judge.

Action by F. Y. Keator against Wade Willis and others. From a judgment for the

plaintiff, defendants appeal. Reversed and remanded.

A. T. Cole, of Clarendon, for appellants. H. B. White and E. A. Simpson, both of Clarendon, for appellee.

HALL, J. The appellee filed a suit in the county court of Donley county, on November 12, 1910, against one Whittaker and Tom Moran, to recover a balance of $700, due upon a note executed by Whittaker to Keator, and to foreclose a lien, evidenced by a chattel mortgage, given by Whittaker to Keator, to secure said note. It was alleged that certain sheep described in the chattel mortgage were in the possession of Tom Moran, who was claiming to be the owner of them by purchase from Whittaker; that he had disposed of some of the mortgaged property and was threatening to ship the remainder out of the jurisdiction of the court. By virtue of the writ of sequestration, the sheep were taken into possession by the sheriff of Donley county, and not having been replevied, they were, under the order of the court duly made, sold by the sheriff January 3, 1911, for the sum of $513.80. This amount was deposited by the sheriff in the registry of the court, of which appellant Willis was the clerk.

On May 19, 1911, Moran and Whittaker filed their plea in abatement, alleging that the matters in controversy were pending in the district court of Potter county, by a suit previously filed by Keator. This plea was sustained and judgment entered quashing the sequestration, dismissing the suit, and ordering the proceeds of the sheep to be delivered by the clerk, Willis, to Tom Moran. From this judgment Keator appealed, but filed only a cost bond. After the expiration of 20 days, no supersedeas bond having been filed, Willis paid said sum of $513.80 to Barnett as the assignee of Moran. Subsequently, on May 4, 1912, the judgment sustaining the plea and ordering the fund paid to Moran was reversed by this court (147 S. W. 606). March 20, 1913, upon a second trial upon the same pleadings, the county court of Donley county entered judgment in favor of Keator against Whittaker only, foreclosing the chattel mortgage. Moran was not mentioned in this judgment nor was his claim of ownership in any way adjudicated.

After the rendition of the first judgment and the payment of the fund by Willis to Barnett, and before the rendition of the second judgment, Willis' term of office expired and J. J. Alexander succeeded him as clerk.

Among others, the second judgment contains this recital:

"It is further ordered, adjudged and decreed by the court that J. J. Alexander, clerk of this court, in case said sum of $513.80 has been turned over to him by Wade Willis, former clerk of this court, pay over to plaintiff, F. Y. Keator, said money, and that he credit this judgment with said sum. It further appearing to the court upon the evidence introduced that the plaintiff, F. Y. Keator, and the defendant John A. Whit-taker, have heretofore entered into a written agreement, in which it is agreed that the money so deposited in the registry of this court, being the proceeds of a sale of the sheep in question, when paid to the said F. Y. Keator, would operate and be a settlement in full of said judgment, which agreement is in writing and filed among the papers in this cause. It is therefore the order of the court that when said sum of money, to wit $513.80, has been paid to the said F. Y. Keator that same shall operate as a full and complete settlement and discharge of this judgment, and the clerk thereof is directed to mark this judgment satisfied in full."

As heretofore stated, this fund having been paid out by Willis, it follows that this order of the court was never complied with by Alexander. Thereafter on June 1, 1913, Keator filed this suit in the district court of Donley county, setting up in his petition all of the facts above detailed, except the judgment first above mentioned, which sustained the plea in abatement and dismissed the county court suit. Wade Willis, together with the sureties on his official bond as clerk, and Barnett are made defendants in this action. Plaintiff alleges the insolvency of Whittaker and Moran. Manifestly, this suit is an effort to collect from Willis and Barnett the fund which the second judgment ordered to be paid to plaintiff.

A trial resulted in a judgment in favor of Keator against Barnett and Willis, and the sureties on Willis' official bond, for the sum of $513.80, and interest thereon from March 20, 1913, at the rate of 6 per cent.

[1-3] The defendants in that judgment prosecute this appeal, assigning as error, first, the action of the court in overruling appellant's general demurrer. We think this assignment should be sustained. The judgment rendered March 20, 1913, does not dispose of Tom Moran and the issues raised by the pleadings of plaintiff with reference to his ownership of the property. Moran was duly cited and it is settled law in this state that a judgment is not final which does not dispose of all the parties and issues. Wichita Mill & Elevator Co. v. Burrus, 164 S. W. 16; Rodriques v. Trevino, 54 Tex. 201; Bradford v. Taylor, 64 Tex. 169; Wootters v. Kaufman, 67 Tex. 497, 3 S. W. 465. A multitude of authorities sustaining this rule, too numerous to be cited here, may be found in 8 Enc. Dig. of Tex. Rep. p. 156. It is further held by the great weight of authority that no action can be brought to enforce a judgment which is not final. Ledyard v. Brown, 39 Tex. 402; Black on Judgment, § 959; 23 Cyc. 503.

[4] No supersedeas bond having been filed, it was the duty of Willis as clerk to pay the funds in his hands to Moran or his assignee, Barnett, in accordance with the order of the court. R. C. S. arts. 2101, 2097; Waters-Pierce Oil Co. v. State, 106 S. W. 326.

[5] Appellant contends that the court erred in sustaining the general demurrer because the district court had no jurisdiction of the controversy. It is provided by Article 1769, R. C. S., that the county court has power to

hear and determine motions against all officers of that court for failure to pay over moneys collected under the process of said court. This remedy has been held to be cumulative and does not prohibit the complaining party from filing a suit against any such officer in any court having jurisdiction. De la Garza v. Booth, 28 Tex. 478, 91 Am. Dec. 328; Needham v. Cooney, 173 S. W. 979, 987.

It is unnecessary to consider the remaining assignments and the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

[6] It is insisted by appellee that we erred in holding that this is a suit to enforce the county court judgment, and we are referred to paragraphs 9 and 10 of the petition, in which fraud and a conspiracy between Willis and Barnett is alleged. No evidence whatever was introduced to sustain this allegation, and of course the trial court made no finding upon it; nor was any request made for such finding. If appellee's right to recover rests upon the allegations contained in said paragraphs then the judgment in his favor is unsupported by any evidence.

[7] We do not controvert the proposition that when the property covered by the mortgage was sold and the proceeds deposited in the registry of the court the lien attached thereto; but that principle has no application to this controversy. No supersedeas bond having been filed, it became the duty of Willis to pay to Moran or his assignee, Barnett, the money in his hands. The rendition of a subsequent judgment, ordering Alexander to pay the sum to appellee could not render the payment by Willis of the fund to Barnett an illegal act if, under the law, it was his duty to make such payment at that time. Appellee states in his motion that he cannot, by amendment, allege any additional facts entitling him to recover, and since the case has been fully developed he insists that we reverse and render the judgment, instead of remanding it, if we adhere to our former holding.

Believing we have properly disposed of the controversy, the motion for rehearing is overruled in part, and the judgment is reversed, and here rendered for appellants.