## LIZ MAR PLANTATION CO. v. WHITFILL.  (No. 6445.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1920.)

1. Appeal and error ☞795(1)—Names of attorneys need not be signed in ink to motions to dismiss appeals.

Though there is no rule of court requiring the names of attorneys to be signed in ink to motions to dismiss appeals, it is the better practice, and should be done if practicable.

2. Judgment ☞268—New trial ☞113—District courts may grant new trials, or arrest judgments during term.

The district courts have statutory power to grant new trials or arrest judgments during term, or until final adjournment have control of all judgments.

3. New trial ☞163(2) — After grant, case stands for trial and future disposition.

When a new trial is granted, the legal effect is the same as though there had been no judgment, and the case stands on the docket for trial and future disposition by the trial court.

4. Appeal and error ☞13—Appeal after grant of motion for new trial premature, and from no final judgment.

Where judgment was entered for defendants, and plaintiffs moved to set it aside, and during the same term the court entered an order setting aside the judgment and ordering that all things be held for naught, that plaintiff be granted a new trial, and that the cause be continued by operation of law, an appeal, subsequently taken, was premature, and from no final judgment whatever, the Court of Civil Appeals is without jurisdiction to entertain it, and it will be dismissed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by R. Whitfill against the Liz Mar Plantation Company, resulting in judgment for defendant, which was set aside and new trial granted on plaintiff's motion, and defendant appeals. Appeal dismissed.

Spears & Montgomery, of San Benito, for appellant.

Graham, Jones & Williams, of Brownsville, for appellee.

COBBS, J. This is an appeal from a proceeding in which it appears that on the 18th day of March, 1920, a judgment was entered in favor of the defendants. Plaintiffs filed a motion to set aside the judgment, and on the 15th day of April, 1920, during the same term of court, the court entered an order setting aside the judgment, and ordered that all things be "held for naught, and that the plaintiff be granted a new trial, and that said cause be continued by operation of law." There was a further recitation and order that the defendant in open court excepted to the ruling of the court and gave notice of appeal to this court, and that the parties have 60 days from the adjournment in which to file a statement of facts and bills of exception.

[1] The transcript and statement of facts were filed in this court on July 12, 1920, together with appellant's brief. On October 11, 1920, there was filed a motion to dismiss the appeal, signed in type by attorneys on both sides, citing authorities in support of the motion. On October 18, 1920, attorneys for appellee filed their brief, notwithstanding their names appear in type to the motion to dismiss. Why this brief should be filed after the said motion was filed, in which all the attorneys joined, is not explained. It is not contended therein that though their names appear in said motion in type it was not known or authorized, and we shall presume, though no question is raised, they were properly signed. While there is no rule of the court requiring the names of attorneys, as is the case in some jurisdictions, to be written in ink to such proceedings, it is the better practice, and should always be done, if practicable.

[2] The district courts have statutory power to grant new trials or arrest judgments during the term, or until its final adjournment have control of all its judgments. The statute also provides that there can be but one final judgment in any case, and there is none here.

[3, 4] When a new trial is granted, the legal effect is the same as though there had been no judgment, and it stands on the docket for trial and future disposition by the trial court. Lyon Taylor Co. v. Johnson, 147 S. W. 606. The appeal in this case is premature, and from no final judgment whatever. This court is without jurisdiction to entertain it. The motion, therefore, to dismiss is granted, and said appeal is dismissed.