**POPE et al. v. SCHEEL. (No. 7113.)**

(Court of Civil Appeals of Texas. San Antonio. April 2, 1924. Rehearing Denied April 30, 1924.)

**Appeal and error ⟨key⟩82(3)—Court of Civil Appeals without jurisdiction to hear appeal based on interlocutory order setting aside decree.**

The trial court's order setting aside prior judgment, without passing upon merits of questions involved being interlocutory, the Court of Civil Appeals had no jurisdiction to review such order on appeal based thereon, and hence must dismiss such appeal.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by E. A. Scheel against Josie D. Pope and another. From an interlocutory decree for plaintiff, defendants appeal. Appeal dismissed.

E. L. Coleman and H. R. Sutherland, both of Corpus Christi, and Pope, Pope & Pope, of Laredo, for appellants.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Boone & Savage, of Corpus Christi, for appellee.

COBBS, J. This suit was filed by appellee to set aside a judgment rendered in cause No. 6600, Josie D. Pope et al. v. E. A. Scheel, in the district court of Nueces county, praying that, on a rehearing of the matters in controversy, judgment be rendered declaring the notes upon which the judgment was obtained illegal, void, and uncollectable, and said deed of trust securing the same illegal, void, and unenforceable, and for general relief.

The judgment sought to be set aside in said cause No. 6600 was for $1,731.75, rendered on a certain number of notes from No. 15 to No. 23, inclusive, each for $100, executed on the 23d day of March, 1915, by E. A. Scheel to Annie J. Acebo, and bearing 10 per cent. interest each until paid, which notes from No. 4 to No. 23 were purchased by Josie D. Pope. E. A. Scheel paid said notes from No. 4 to No. 14, and judgment was rendered as stated on notes Nos. 15 to 23, inclusive. These notes were secured by deed of trust executed by E. A. Scheel upon lot No. 19, in block No. 46, in the town of Robstown.

Appellee, who resided in Galveston, was duly served with citation to answer the said cause, but failed to do so, and wholly made default. Appellants, learning that through mistake the deed of trust was secured by lot No. 19, not owned by appellee, instead of lot No. 24, after several terms of the court had passed amended the petition, alleging it was intended to execute the deed of trust upon lot No. 24, in said block No. 46, instead of lot No. 19, and that the failure to execute said trust upon lot No. 24 was due to the mutual mistake upon the part of said Annie J. Acebo and said E. A. Scheel, and asked that the said deed of trust be so reformed as to speak the truth and the actual intent of the parties, and seeking also a foreclosure upon lot No. 24, instead of No. 19.

The original petition in suit No. 6600 was filed on June 26, 1920, and service duly had on appellee in Galveston on July 1, 1920. On October 1, 1920, in vacation, appellants filed their said first amended original petition, for the first time setting up a new cause of action. The cause was continued from term to term, until the 14th day of August, 1922, when judgment was taken by default against appellee reforming the deed of trust so as to make it convey lot No. 24, instead of lot No. 19, and as reformed judgment with foreclosure thereon was decreed.

On the 4th day of December, 1922, instead of filing the motion for new trial in the same cause, which would have been the better practice, appellee filed an independent suit in the same court, in which he sought to set aside the judgment in said cause No. 6600, rendered against him on August 24, 1922.

The ground set up for relief was that the judgment was entered by default on an amended petition which set up an entirely new cause of action from that set up in the amendment, of which vacation amendment he was never legally served with notice, and hence said judgment was void. From a decree setting aside that judgment, appellant brings this appeal.

In said pleading appellee set up other additional facts and grounds he supposed material to show him entitled to the relief.

Our attention is called for the first time in appellants' motion for rehearing to the fact that the appeal is from an interlocutory order. We were misled by the recitals in the first part of the judgment, as follows:

"On this, the 1st day of October, A. D. 1923, there came on to be heard the above numbered and entitled cause, when came plaintiff, E. A. Scheel, in person and by attorneys, and defendants, Josie D. Pope and her husband, John A. Pope, by attorneys, and all parties announced ready on the issues of law, and the court, having heard in due order the general demurrer and special exceptions of defendants, and having duly considered same, overruled each of all of said general demurrer and special exceptions; to which action of the court in each instance defendants then and there duly excepted.

"Thereupon the court, having heard in due order plaintiff's general demurrer and special exceptions to defendants' second amended original answer, overruled said general demurrer and each of said special exceptions; to which action of the court plaintiff in each instance then and there duly excepted. Whereupon the cause came on to be heard on its merits, and both parties announced ready for trial. A jury being demanded, came Wm. Horne and eleven others, who were duly qualified, drawn, selected, impaneled, and sworn as the jury to try said cause, and the pleading was read, the evidence introduced, and, both sides having rested, plaintiff filed and presented and defendants filed and presented their respective motions for peremptory instruction. The court, having heard and duly considered the same, and being advised in the premises, granted plaintiff's motion for peremptory instruction and overruled defendants' motion for peremptory instruction; to which defendants in each instance then and there duly excepted. Whereupon the court instructed the jury to return a verdict for plaintiff, which was on the 4th day of October, A. D. 1923, accordingly done, in the following verdict: 'We, the jury, find for the plaintiff herein. Wm. Horne, Foreman of the Jury' —and the same was by the court received and ordered filed as the verdict of the jury herein."

No point was made in the briefs that it was an appeal from an interlocutory order, and not a final judgment. We assumed, as the judgment recited that the case was tried on its merits, and on the last case filed, as recommended in Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 606. Since the question is now raised, we have carefully examined the record and the statement of facts. There was much testimony introduced, but it

was all on the question that had reference to procuring the former judgment, but nothing upon the main cause of action. It is apparent from the concluding part of the judgment that the court only undertook to vacate the prior judgment by further saying:

"Be, and the same is hereby in all things vacated and set aside. And, it appearing to the court that under and pursuant to said judgment an order of sale was on the 28th day of September, A. D. 1922, issued by the clerk of this court directed and by him delivered to the sheriff of Nueces county, Tex., and that on the 5th day of December, A. D. 1922, said order of sale was executed by the sheriff of Nueces county, Tex., by selling said property described in said order of sale, and in said judgment that defendant Josie D. Pope became the purchaser of said property at said sale, deed to said property was executed and delivered to her by said sheriff, and that at the time she purchased said property the said Josie D. Pope was not an innocent purchaser of said property for value and without notice, it is therefore ordered, adjudged, and decreed by the court that said order of sale, the return thereon, and said deed so executed and delivered pursuant to said sale thereunder, be, and the same are each and all hereby, vacated and set aside.

"Further ordered, that plaintiff, E. A. Scheel, do have and recover of and from defendants, Josie D. Pope and her husband, John A. Pope, all costs by them in this behalf incurred, for which he may have his execution.

"Further ordered that said cause No. 6600, Josie D. Pope and Husband v. E. A. Scheel, be, and the same is hereby, restored to the trial docket of this court."

The disposition of this case must be controlled by what we held on a similar question in Henderson v. Henderson (Tex. Civ. App.) 213 S. W. 316.

We are without authority to pass upon the questions raised. Henderson v. Henderson, supra; Stewart v. Jones, 9 Tex. 469; Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 606.

We withdraw our former opinion, substitute this in lieu thereof, and grant the motion of appellants for a rehearing, and dismiss the appeal.