**EWING et al. v. EWING.**

No. 12150.

Court of Civil Appeals of Texas. Galveston.

Feb. 23, 1950.

Hawkins & Myers and Brann Fuller, of Houston, for appellant.

Lewis D. Fisher, of Houston, for appellee.

Morrow, Brelsford, Boyd & Murrin, of Houston, Walter E. Boyd, of Houston, of counsel, for Citizens State Bank.

GRAVES, Justice.

This brief statement of the nature and result below of the suit, as well as of the trial court's judgment therein, is taken from the appellee's brief, to wit:

"Bob Ewing, Appellee, filed this suit against his wife, Hattie Ewing, Appellant, and against the Citizens State Bank of Houston, Texas, asking for judgment for the management, control and possession of a sum of money in the form of a cashier's check and which had been placed in appellant's safe deposit box in the above named bank; the appellee claiming the fund in dispute was community property, against appellant's contention that it was her separate property. The case was tried before the court without a jury and without the services of a court reporter.

"Judgment was rendered for appellee on June 20, 1949. Appellant's motion for new trial and rehearing was overruled on July 8, 1949. On or about August 15, 1949, appellee made demand on the Citizens State Bank to comply with the judgment, which was done, and on August 16th the bank delivered to appellee the sum in dispute. The bank did not appeal and the appellant Hattie Ewing did not file a supersedeas bond."

As to the disposition of the only sum of money, or ultimate subject-matter of the suit, that is, the $2,492.06, in the form of a cashier's check, the judgment thus disposed of it:

"* * * The court further finds that said cashier's check #306949, is now con-

tained in a safe deposit box rented from the Citizens State Bank by Hattie Ewing, and that the contents of said box, including said cashier's check, were heretofore tendered unto the registry of the court by said bank for disposition by proper order of the court.

"It is, therefore, Ordered, Adjudged and Decreed that the defendant, Citizens State Bank, do and it is hereby authorized and directed to open and enter into said safe deposit box, take possession of and cancel that certain cashier's check #306949 of date October 9, 1948 in the sum of $2492.06, and deliver such cancelled check to the clerk of the court who shall file it away with the papers in this cause.

"It is further ordered that the defendant, Citizens State Bank of Houston, Texas upon taking possession of and cancellation of said cashier's check #306949, shall then deliver to the plaintiff, Bob Ewing, the aforesaid sum of $2492.06, less any necessary expense incurred by said bank in opening said box; and that all injunctive relief heretofore granted by the court shall remain in effect pending compliance with this decree."

Further, as indicated, the Bank complied with that order and did not appeal, and the appellant filed no supersedeas bond; wherefore, the only parties before this court are the husband and wife—the appellant and appellee herein—and the only issue between them left in the state of this record is whether or not such fund of money so involved in the check for $2,492.06 was community property between them, or had become the separate property of the wife, the appellant herein, under her claim that the appellee-husband had originally given her the whole of such sum, in consideration of her having dismissed her suit for divorce against him and gone back to living with him as his wife, both of which things she had actually done, constituted that fund her separate estate.

The husband answered that issue-of-fact, by pleadings and testimony, to the effect that they had only agreed that they would go back together as husband and wife, which they did, as recited, and that she would fill in such check only for the amount necessary to pay her attorney's fees in the divorce suit.

The trial court, which heard the cause without a jury, found such issue against the wife, and in favor of the husband, and no successful attack has, on appeal, been made by her upon that finding.

■ In the indicated state of this record, since, especially, there has been no divorce, and the parties hereto are still husband and wife, and, also, since the property-matters have all been finally disposed of, except the $2,492.06 representing the cashier's check, which the trial court so found to be community-property, it is held that the judgment rendered was the only proper one, under the circumstances.

Obviously, it is thought, no other judgment should have been rendered against the Bank, under these authorities: Rule No. 357, Texas Rules of Civil Procedure; Willis v. Keator, Tex.Civ.App., 181 S.W. 556 (no writ shown); 3-A Tex.Jur., Syllabi 4, 5, and 7, page 418, sec. 339.

As concerns the husband and wife by themselves, the court's finding on the facts that the husband only agreed to pay the wife's attorney's fees in her divorce-suit, which he would have been legally liable for anyway (15 Tex.Jur., p. 154, and cited authorities), he was thereby, as to the balance of the amount of the cashier's check, left in control of such remaining fund as the manager, etc.; of the community estate, under the authorities above cited.

■ Appellant's further point-of-error, to the effect that the court erred in overruling her special-exception to the appellee's pleadings, is answered by the showing from the record that no request was ever made to the court—prior to the judgment—to rule upon, or dispose of such exception; it was, therefore, waived. Rule 90 T.R.C.P.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.